**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**EDWARD WASHINGTON**  **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL**  **NO. 08-769-A-M2**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, June 8, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD WASHINGTON                                              CIVIL ACTION

VERSUS

BURL CAIN, ET AL                                                NO. 08-769-A-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Edward Washington ("Washington"). The State has filed an opposition to Washington's petition. (R. Doc. 8).

## FACTS & PROCEDURAL BACKGROUND

Washington was indicted with four (4) counts of first degree murder in violation of La. R.S. 14:30 in the 19th Judicial District Court, Parish of East Baton Rouge. Through counsel, he waived formal arraignment and pled not guilty to the charges against him. Following a jury trial in July 2003, Washington was found guilty as charged. During the sentencing phase, the jury could not reach a unanimous verdict as to the State's request for the death penalty, and a mistrial of the penalty phase was declared. Washington was subsequently sentenced to the mandatory sentence of life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence on each of the four convictions, with those sentences to be served consecutively.

Washington appealed his convictions and sentences to the First Circuit Court of Appeals, and on February 11, 2005, the claims were denied. Washington then filed a writ application with the Louisiana Supreme Court, which was denied on December 16, 2005.

On September 11, 2006, Washington filed an application for post-conviction relief with the state trial court. That application was denied on May 10, 2007. Washington then

sought supervisory writs with the First Circuit relative to the denial of his post-conviction relief application, but he did not file that writ application until September 11, 2007. The First Circuit denied Washington's writ application on November 28, 2007. He then applied for writs to the Louisiana Supreme Court on January 22, 2008, which application was denied on November 10, 2008.

On November 24, 2008, Washington filed his present habeas petition raising the same three (3) claims that he asserted on appeal.[1] Although the State concedes that Washington has exhausted his state court remedies with regard to the claims alleged in his petition, it contends such petition should be dismissed on the ground that it was untimely-filed under the one-year statutory period set forth in the Antiterrorism and Effect Death Penalty Act ("AEDPA"), 28 U.S.C. §2244(d).

---

[1] Under the "prison mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Although the Court's docket sheet indicates that Washington's habeas petition was filed on November 25, 2008, the actual filing date, based upon the "prison mailbox rule," is November 24, 2008 since that is the date reflected on the postmark for the envelope in which his habeas petition was mailed to this Court.

Similarly, although the date that is file-stamped on Washington's writ application to the Louisiana Supreme Court relative to the denial of his post-conviction relief application is February 28, 2008, the envelope in which that application was mailed to the Louisiana Supreme Court is post-marked on January 22, 2008. Thus, under the "prison mailbox rule," which is also to be applied in ascertaining the filing date of Louisiana state court pleadings, the filing date of the writ application was January 22, 2008. *See, Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006)(the court found that "the Louisiana Supreme Court has applied the prison mailbox rule with unfailing consistency as a matter of state law"); *Terrick v. Cain*, 2008 WL 4297064 (E.D. La. 2008)(The prison mailbox rule is to be employed in ascertaining the filing date of a prisoner's Louisiana state court pleadings in the context of determining the timeliness of his federal habeas corpus application).

## LAW & ANALYSIS

The time period during which a habeas corpus petitioner must file an application for relief is set forth in 28 U.S.C. § 2244(d)(1) and (2), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1) and (2). To be considered "properly filed" for purposes of §2244, an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1811, 161 L.Ed.2d 669 (2005), citing *Artuz v. Bennett*, 531 U.S. at 8, 11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

In its opposition, the State contends that Washington's present habeas petition

3

should be dismissed because it is untimely under §2244. The Court, however, disagrees. Washington's convictions and sentences became final on March 16, 2006, ninety (90) days after the Louisiana Supreme Court denied his writ application relative to the affirmation of his convictions and sentences because he did not seek review on direct appeal to the U.S. Supreme Court. One hundred seventy-eight (178) days of untolled time then passed before Washington filed his state post-conviction relief application on September 11, 2006.[2] As noted above, the state trial court denied Washington's post-conviction relief application on May 10, 2007. Pursuant to Rule 4-3 of Louisiana's Uniform Rules, Courts of Appeal, Washington had thirty (30) days within which to timely file an application for writs with the First Circuit, absent being granted an extension of that period. Once a state limitations period expires "a petitioner is not entitled to further appellate review, and therefore, he has no application 'pending' in the state court." *Melancon v. Kaylo*, 259 F.3d 401, 405-407 (5th Cir. 2001). However, because La.App.R. 4-3 has exceptions, an untimely appellate writ application can toll the one-year statute of limitations period under AEDPA during the time it is actually pending. *Melancon*, at 407("A state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application. Thus, after the appeal period has lapsed, an application ceases to be pending but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the 'proper' filing").

---

[2] Although the State was unable to produce a copy of the post-marked envelope in which Washington mailed his state post-conviction relief application for filing, the First Circuit Court of Appeals expressly indicated, in its writ denial concerning such application, that the application was filed with the state trial court on September 11, 2006.

Because Washington did not timely file his application for writs with the First Circuit, his application ceased to be "pending" within the meaning of §2244 on June 10, 2007, the last day on which he could have timely sought review from the First Circuit of the state trial court's denial of his post-conviction relief application. Between June 10, 2007 and the date that Washington filed his writ application with the First Circuit, September 11, 2007, ninety-two (92) days of untolled time elapsed. His writ application remained pending until it was denied by the First Circuit on November 28, 2007. Washington had until December 28, 2007 to file a timely application for writs with the Louisiana Supreme Court,[3] but he failed to do so. Because he did not timely file his application for writs with the Louisiana Supreme Court, the AEDPA limitations period ran again for another fifty-four (54) days between November 28, 2007, the date on which the First Circuit denied writs,[4] and January 22, 2008, the date he filed his writ application with the Louisiana Supreme Court (as determined under the prison mailbox rule).

Finally, another thirteen (13) days of untolled time elapsed between the Louisiana Supreme Court's denial of Washington's writ application on November 10, 2008 and the filing of his present habeas petition on November 24, 2008. Thus, when the one hundred seventy-eight (178) days of untolled time that elapsed between the finality of Washington's convictions and sentences and the filing of his state post-conviction relief application are

---

[3] *See*, Louisiana Supreme Court Rule X, §5(a).

[4] The thirty (30) day time period following the writ denial during which petitioner could have timely filed his writ application with the Louisiana Supreme Court is not tolled because petitioner's First Circuit writ application was not timely filed. Under *Melancon*, tolling relative to an untimely filed application only applies to the time when the application is "actually pending."

5

added to the one hundred fifty-nine (159) days of untolled time that elapsed during the state post-conviction relief phase, resulting in a total of three hundred thirty-seven (337) days of untolled time, it appears that Washington's habeas petition was timely filed and that the State's opposition lacks merit.  In the event the district judge adopts this report and recommendation as his opinion, the State should be directed to file a brief responding to the merits of Washington's habeas petition.

## RECOMMENDATION

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Edward Washington be deemed timely-filed and that the State of Louisiana be directed to file a brief responding to the merits of petitioner's habeas application.

Signed in chambers in Baton Rouge, Louisiana, June 8, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**