UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD WASHINGTON                                         CIVIL ACTION

VERSUS

BURL CAIN, ET AL.                                            NO. 08-0769-JJB-DLD

## RULING

This matter comes before the Court on the petitioner's Motion for Relief From Judgment, rec.doc.no. 44, brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This Motion shall be denied.

Pursuant to Judgment dated June 23, 2010, rec.doc.no. 34, the above-captioned habeas corpus proceeding was dismissed. The petitioner filed a Notice of Appeal from this Ruling and, upon denial of a Certificate of Appealability in the United States Court of Appeals for the Fifth Circuit, the petitioner sought further review in the United States Supreme Court, which review was denied by that Court on October 3, 2011. Now, more than two (2) years after the entry of Judgment, the petitioner seeks to re-litigate his challenge to the original criminal conviction. Specifically, he again seeks to assert that the state trial court erred in allowing into evidence at his criminal trial, without the right of confrontation, a statement made by a two-year-old child to a medical responder at the scene of the offense, regarding the occurrence of the incident. The petitioner relies upon a decision of the United States Supreme Court issued in February, 2011, Michigan v. Bryant, ___ U.S. ___, 131 S.Ct. 1143, 179 L.Ed.2d 93 (2011), which he contends provides further interpretation of the Confrontation Clause of the United States Constitution and supports his claim for relief.

The plaintiff's contentions are unavailing. Rule 60(b) provides that relief from a Judgment may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered

evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Rule 60(c)(1) provides, however, that a motion brought pursuant to Rule 60(b) "must be made within a reasonable time and, with respect to reasons (1), (2) and (3) above, "no more than a year after the entry of the judgment".

In the instant case, not only do the petitioner's contentions not fit within any of the specifically enumerated subsections of Rule 60(b), but the petitioner's motion is untimely, coming as it does more than one year after the entry of the Judgment in this case, more than one year after the denial of review by the United States Supreme Court, and more than one year after the Michigan v. Bryan decision upon which the petitioner relies. Further, the Fifth Circuit "has long recognized that a subsequent change in the law is not sufficient, in and of itself, to justify allowing a litigant to re-open a case under Rule 60." Silvas v. Remington Oil & Gas Corp., 291 Fed.Appx. 681 (5th Cir. 2008), cert. denied, 555 U.S. 1102, 129 S.Ct. 936, 173 L.Ed.2d 114 (2009). Clearly, therefore, the instant motion should be denied. Accordingly,

**IT IS ORDERED** that the petitioner's Motion for Relief From Judgment, rec.doc.no. 44, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this 19th day of November, 2012.

**JAMES J. BRADY**
**UNITED STATES DISTRICT JUDGE**